IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**JAMES REYNALDO LUNA,**

    Movant/Defendant,

vs.                                                      **CIVIL NO.  08-0313 JC/DJS**
                                                            Criminal No.  05-2063 JC

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

    1.  This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Safford, Arizona, as a result of his conviction for Possession With Intent to Distribute 500 Grams or more of a Mixture and Substance Containing Cocaine, contrary to 21 U.S.C. §§841(a)(1), (b)(1)(B), and for Possessing and Carrying a Firearm in Relation to a Drug Trafficking Crime contrary to 18 U.S.C. §924(c)(1)(A)(i). Following his conviction pursuant to a guilty plea, Movant was sentenced to one hundred and twenty months imprisonment on January 18, 2006. Movant did not file a direct appeal,

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

which is not surprising given the fact that his plea agreement included a waiver of his right to appeal.

  2. In the instant motion Movant asserts that the Court lacked subject matter jurisdiction to convict and sentence him.  In its Response to the Motion to Vacate, Respondent contends that the motion must be dismissed as untimely. Respondent also asserts that Movant is not entitled to relief on the claims asserted.

  3. The Court agrees that this action is time barred under the terms of 28 U.S.C. §2255. That statute states in part that

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>  (1) the date on which the judgment of conviction becomes final;
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment of conviction becomes final and the one year limitation period begins to run after the time for seeking *certiorari* review has expired if a defendant does not petition the United States Supreme Court for a writ of *certiorari* after his direct appeal. <u>United States v. Burch</u>, 202 U.S. 1274, 1276 (10th Cir. 2000). In this case, no impediment to Movant bringing his jurisdictional claim is alleged and the right is not newly recognized. Further, the facts underlying Movant's claim were discoverable at the time of his sentencing. Consequently, the one-year limitation period began to run when Movant's conviction became final.

  4. Because Movant did not bring a direct appeal, his conviction became final on January 28, 2006. <u>See</u> Fed.R.App.P. 4(b)(1)(A) (Requiring a defendant's notice of appeal in a criminal case be

filed withing ten days of the later of either the entry of the judgment or order being appealed or the filing of the governent's notice of appeal); also see United States v. Hurst, 322 F.3d 1256, 1259-60 (10th Cir.2003) (concluding that "the day of the act ... from which the designated period of time begins to run shall not be included' in calculating the § 2255 limitations period) (quoting Fed.R.Civ.P. 6(a)).  Therefore, the §2255 one-year limitations ended "on the anniversary date of the triggering event," January 28, 2006. See Hurst, 322 F.3d at 1261. Movant did not file the instant §2255 motion until March 25, 2008, nearly fifteen months after the end of the limitation period. Accordingly, the motion is untimely.

    5.  Under extraordinary circumstances, such as when a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent, equitable tolling may be applied to the one-year limitation period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) cert. denied, 525 U.S. 891 (1998). Petitioner does not raise any allegations which would lead to the application of equitable tolling in this case. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute only permitted in rare and exceptional circumstances).

    6. Movant's grounds for relief also fails on the merits. As pointed out by Respondent, it has long been the law that a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose any collateral attack. Id.; Mabry v. Johnson, 467 U.S. 504 (1967). In this instance, Petitioner has not shown that his guilty plea was not voluntary and, by that guilty plea, admitted all facts necessary to establish

the jurisdiction of the Court.

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice as time barred.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**